## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC S. RAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 23-067-RAW-GLJ |
| CHRISTE QUICK, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations and as unexhausted. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma. He is attacking his conviction and 30-year sentence in McCurtain County District Court Case No. CF-2018-239 for Domestic Assault and Battery. The Court has before it for consideration Petitioner's petition (Dkt. 1), Respondent's motion to dismiss (Dkt. 10), and Petitioner's response to the motion (Dkt. 14).

Petitioner raises the following claims for relief:

I. State lacked jurisdiction to prosecute.

II. Ineffective assistance of trial counsel.

III. Ineffective assistance of appellate counsel.

IV. Trial court lacked jurisdiction to try or impose sentence.

V. Denied the right to compulsory process to obtain witnesses and to redirect examination of state's witnesses

VI. Prosecutorial misconduct, plain error, and abuse of judicial discretion.

VII. Conviction obtained while petitioner was mentally incompetent to stand trial.

VIII. Denial of right to counsel, no probable cause.

IX. The statute under which Petitioner was sentenced carries a maximum of ten years for the first-time office, but he was sentenced to 30 years.

X. The trial judge had a personal secretary/bailiff who became personally involved in the case.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 05/17/2019 | Following a jury trial, Petitioner was found guilty of Count 1, Domestic Assault and Battery Resulting in Great Bodily Harm, in McCurtain County District Court Case No. CF-2018-239. (Dkt. 11-1 at 2, 5). |
| 07/09/2020 | Petitioner's judgment and sentence was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2019-437. (Dkt. 11-2). |
| 12/07/2020 | Petitioner's 150-day deadline[1] to petition the Supreme Court for certiorari review fell on Sunday, December 6, 2020, giving him until Monday, December 7, 2020, to file for certiorari. Thus, his conviction became final on December 7, 2020, and his statutory year began running the next day on December 8, 2020. *See* U.S. Sup. Ct. R. 30(1) (extending deadlines until the next day when the day of the deadline is a Sunday). |
| 06/14/2021 | Petitioner filed an application for post-conviction relief in McCurtain County District Court Case No. CF-2018-239. (Dkt. 11-5) |
| 01/26/2022 | Petitioner's first post-conviction application was denied by the McCurtain County District Court. (Dkt. 11-6) |
| 02/22/2022 | Petitioner filed an untimely notice of post-conviction appeal in McCurtain County District Court Case No. CF-2018-239. (Dkt. 1 at 9). |
| 03/07/2022 | Petitioner's petition for writ of mandamus was accepted for filing in OCCA Case No. MA-2022-227. (Dkt. 11-7). The petition, which was sent to the OCCA on February 22, 2022, alleged the McCurtain County District Court did not provide him with a certified copy of its order denying post-conviction relief in time to file a timely notice of appeal. On March 21, 2022, Petitioner filed an application for extension of time to file a petition in error and supporting brief in post-conviction. The OCCA declined jurisdiction over this matter, citing Petitioner's failure to include a certified copy of the district court's order denying him relief. (Dkt. 11-8 at 5). |
| 03/25/2022 | Petitioner filed a combined petition in error and brief in support of post-conviction appeal in OCCA Case No. PC-2022-285, challenging the denial of post-conviction relief. (Dkt. 11-9). On July 22, 2022, Petitioner filed a motion for leave to amend/supplement his brief in support. (Dkt. 11-10). The brief in support of this motion was tendered for filing but was never formally accepted for filing. (Dkt. 11-11). |

---

[1] Due to a series of Supreme Court orders regarding COVID-19 deadlines, lower court orders filed between March 19, 2020, and July 19, 2021, were subject to an extended deadline of 150 days in which to petition the Supreme Court for certiorari. Thursday, March 19, 2020 Order, 589 U.S. ___ (2020); Monday, July 19, 2021 Order, 594 U.S. ___ (2020).

| | |
|---|---|
| 01/04/2023 | In Case No. PC-2022-285, the OCCA declined jurisdiction over Petitioner's post-conviction appeal, citing the untimely filing of his notice of appeal which, the OCCA explained, was a jurisdictional fault. The OCCA's order instructed Petitioner to seek relief with the McCurtain County District Court, if he believed he was denied an appeal through no fault of his own. (Dkt. 11-12 at 2). |
| 02/03/2023 | Petitioner filed an application for post-conviction appeal out of time in McCurtain County Case No. CF-2018-239. (Dkt. 11-13). |
| 02/14/2023 | Petitioner filed the present petition for a writ of habeas corpus. (Dkt. 1 at 15). |
| 02/27/2023 | The McCurtain County District Court issued an order recommending an appeal out of time in Case No. CF-2018-239. (Dkt. 11-14). |
| 03/08/2023 | Petitioner filed a petition for appeal out of time in OCCA Case No. PC-2023-180. (Dkt. 11-15). |
| 03/21/2023 | The OCCA issued an order granting post-conviction appeal out of time in Case No. PC-2023-180. The order directed Petitioner to file his petition in error, supporting brief, and a certified copy of the district court's order within 30 days from the date of the OCCA's order. (Dkt. 11-16). |

The AEDPA affords a state prisoner one year to seek federal habeas review, pursuant to 28 U.S.C. § 2244(d) which provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As set forth in the above timeline, Petitioner's conviction became final on December 7, 2020,

and his statutory year began to run on December 8, 2020. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). Absent any tolling events, Petitioner's statutory year expired on December 8, 2021. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.").

**Statutory Tolling**

During his statutory year, Petitioner filed an application for post-conviction relief on June 14, 2021. (Dkt. 11-5). This application was filed 188 days into Petitioner's statutory year, triggering statutory tolling under 28 U.S.C. § 2244(d)(2). On January 26, 2022, the McCurtain County District Court denied Petitioner's application for post-conviction relief. (Dkt . 11-6) . With the entry of this order, Petitioner had 20 days until February 15, 2022, to file a notice of intent to appeal. *See* Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2022). *See also* Dkt. 11-12 at 2. Petitioner, however, did not file the notice of post-conviction appeal until February 22, 2022. (Dkt. 1-9; Dkt 11-12 at 2). Statutory tolling, therefore, ended 20 days after the McCurtain County District Court entered its order denying post-conviction relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law.") (emphasis in original). Therefore, Petitioner's statutory year was tolled from the filing of his post-conviction application until 20 days after the state district court denied the application, or from January 26, 2022, until February 15, 2022.

Subtracting the 188 days which lapsed prior to the filing of his post-conviction application, Petitioner had 177 days remaining in his statutory year. His statutory year resumed on February 16, 2022, ran 177 days, and expired on August 11, 2022.[2]

---

[2] On March 7, 2022, Petitioner filed a petition for a writ of mandamus in OCCA Case No. MA-2022-227. The OCCA declined jurisdiction over the petition because it was not properly filed. (Dkt. 11-8). Petitioner is not entitled to tolling for this improperly filed petition. *See Pierce v.*

Following the January 26, 2022, denial of his post-conviction application, Petitioner appealed the denial to the OCCA on February 22, 2022. (Dkt. 11-11). This notice of post-conviction appeal, however, was jurisdictionally flawed, because it was not filed within 20 days of the state district court's order denying post-conviction relief. *See* Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2023) ("The filing of the Notice of Post-Conviction Appeal in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal."). The OCCA confirmed the presence of this jurisdictional defect on January 4, 2023, when it issued its order declining jurisdiction over the appeal. (Dkt. 11-12 at 2).

After careful review, the Court finds Petitioner is not entitled to statutory tolling for his attempted post-conviction appeal, because the appeal was not properly filed. The relevant tolling provision, 28 U.S.C. § 2244(d)(2), only confers statutory tolling for a "*properly filed* application for State post-conviction or other collateral review" (emphasis added). "A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading." *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (citations omitted). The Tenth Circuit Court of Appeals previously has determined that a post-conviction appeal that fails to meet the OCCA's procedural requirements--and in particular the requirements of Rule 5.2(C)--is not properly filed and does not entitle a Petitioner to statutory tolling. *Gibson*, 232 F.3d at 804-05; *see also Pierce*, 2018 WL 1865871, at *3 ("Because the post-conviction appeal did not meet the procedural requirements of the OCCA, it was not 'properly filed' and did not serve to further toll the limitation period.").

Further, the OCCA's March 21, 2023 decision to grant Petitioner a post-conviction appeal out of time does not transform his previous appeal into one that was "properly filed" for the purposes of statutory tolling. *See Gibson*, 232 F.3d at 804, 806; *Pierce*, 2018 WL 1865871, at *3. Petitioner's improperly filed appeal did not toll the statute of limitations, and his statutory year concluded on August 11, 2022. The petition, filed on February 14, 2023, is time barred.

---

*Allbaugh*, No. CV 17-213-JHP-KEW, 2018 WL 1865871, at *3 (E.D. Okla. Apr. 18, 2018) (unpublished).

**Equitable Tolling**

Petitioner addresses equitable tolling twice in his petition. He attached to his petition an inmate grievance form dated January 13, 2023, which asserts he was deprived of access to the law library from July 9, 2020, until April 7, 2021. (Dkt. 1-2 at 25-26). On the back of his grievance form, he explained that he needed to show he was deprived access to the law library to establish entitlement to equitable tolling for the alleged time period. *Id*. at 26.

The staff response to this grievance indicated that the law library was closed to everyone without pending legal deadlines from March 2020 through August 2020, however, access was restored on an appointment-only basis by September 2020. *Id*. at 25. The response also noted that during the shutdown, requested legal materials were provided "cell side." *Id.*

Petitioner also has attached to his petition a document titled "Motion for Abatement or Stay & Abeyance." *Id*. at 27-34. In this attachment Petitioner references equitable tolling for the time period during the COVID-19 pandemic during which he claims to have been deprived access to legal materials. *Id*. at 32-33. Petitioner cites his post-conviction appeal in this attachment and highlights the nine months which elapsed before the OCCA declined jurisdiction over the appeal. *Id*. at 31. He does not claim equitable tolling for this time period and instead argues only that the OCCA's actions should excuse him from the requirement to exhaust his claims. *Id*. at 31. Because Petitioner does not claim equitable tolling for the time it took for the OCCA to decline jurisdiction over his appeal, the Court will not toll his limitation period for this time. *See Gibson*, 232 F.3d at 808 (addressing only one of the two equitable tolling arguments raised because the other argument was not presented to the district court). The Court finds Petitioner is not entitled to equitable tolling for the restrictions imposed on the law library or the time during which his untimely post-conviction appeal was pending.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

6

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Further, "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted).

### *Access to the Law Library*

Initially, the Court notes that Petitioner has not established any lack of access to legal materials, nor has he established a lack of access to materials for the expansive time period he references in the attached grievance form, which was received on January 18, 2023. He alleges in the form that he suffered a lack of access from July 9, 2020, until April 7, 2021, or April 9, 2021. (Dkt. 1-2 at 25-26). The prison's response to the grievance, however, disagrees with Petitioner's characterization. In the disposition line, it is noted that access to the library was limited from March 2020 until September 2020. *Id*. at 26. Dkt. 1-2 at 26. While this overlaps Petitioner's time range, it overlaps by only three months.

Nonetheless, the response notes that requested legal materials were delivered to a requesting inmate's cell during the shutdown time period. *Id*. at 25. Respondent maintains that Petitioner's grievance form should be given little credence, because it is internally inconsistent, the form was filed years after the facts it seeks to establish, and pursuant to Petitioner's own words, the form was filed for the specific purpose of attempting to establish equitable tolling after the fact. The Court finds the form does not carry Petitioner's "'strong burden to show specific facts'" to demonstrate entitlement to equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

The Court further finds Petitioner has not established that he diligently pursued his rights during this time period. He concedes in the form that he was pursuing other legal actions. *Id*. at 26. Also, an attachment to the petition shows that he managed to file in the Tenth Circuit a 38-page pro se brief seeking a certificate of appealability of this Court's dismissal of his previous habeas corpus

petition. (Dkt. 1-4 at 19-51).[3] That brief was dated April 23, 2020--a date falling within the time period in which access to the law library was restricted, according to the response to Petitioner's grievance form. (Dkt. 1-2 at 25; Dkt 11-5 at 131).

Further, according to the docket in his McCurtain County case, Petitioner managed to file a pro se motion for suspended sentence in August 2020, while (according to the disposition of the grievance) access to the law library was limited. (Dkt. 11-17; Dkt. 11-1 at 7).[4] He followed that filing with a motion for transcripts at public expense, filed in September 2020. (Dkt. 11-1 at 7).[5] Petitioner cites no evidence showing that during the time period for which he claims equitable tolling, he was diligently pursuing the claims in this case. It instead appears that Petitioner was pursuing other matters. The existence of those other filings undercuts Petitioner's claim for equitable tolling based on limited access to legal materials. *Cf. Parker v. Jones*, 260 F. App'x 81, 85 (10th Cir. 2008) ("Mr. Parker's equitable-tolling argument also is undermined by the fact that he managed to file two applications for post-conviction relief during the periods when he allegedly lacked access to legal materials and assistance.").

---

[3] Petitioner prematurely filed a habeas petition in this Court's Case No. CIV 19-159-JHP-RAW, which was dismissed without prejudice as unexhausted while his direct appeal still was pending. *See Ray v. Crow*, 809 F. App'x 549 (10th Cir. 2020). The docket for Petitioner's appeal to the Tenth Circuit shows that, subsequent to his opening brief, he also filed a letter to the Tenth Circuit on May 15, 2020, which was construed as a motion to file an amended opening brief, and he filed a motion to amend and supplement his opening brief on June 11, 2020.

[4] This motion (Dkt. 11-17) never received a ruling and technically is still pending (Dkt. 11-1). Petitioner, however, is not entitled to statutory tolling for this pending motion, because it was not properly filed below. To vest the district court with jurisdiction to suspend the judgment and sentence, a defendant is required to file a motion for suspended sentence "within ten days of the final order of the Court of Criminal Appeals." Okla. Stat. tit. 22, § 994. Petitioner's conviction was affirmed on July 9, 2020. (Dkt. 11-4). To be properly filed, the motion for a suspended sentence was due by Monday, July 20, 2020. Petitioner filed his motion on August 17, 2020. Despite the fact that the motion still is pending, Petitioner is not entitled to tolling for this improperly filed motion. *See Ruble v. Crow*, No. 19-CV-0114-GKF-CDL, 2022 WL 826929, at *4 (N.D. Okla. Mar. 18, 2022) (unpublished) (finding the petitioner's § 994 motion filed 13 days after the OCCA's decision did not toll the statute of limitations).

[5] This filing does not entitle Petitioner to tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The district court correctly determined that the limitations period should not be tolled during the pendency of Mr. May's various motions for transcripts and petitions for writs of mandamus relating to those motions.").

Petitioner's limited access to the law library and legal materials was not an extraordinary circumstance entitling him to equitable tolling. "[L]ack of access to a law library does not provide a basis for equitable tolling." *Ketchum v. Parker*, 548 F. Supp. 2d 1233, 1235 (W.D. Okla. 2008) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 2000)). The COVID-19 pandemic was unprecedented, however, according to Petitioner's grievance form, throughout even the most restrictive controls imposed on the law library, Petitioner could have been provided with requested legal materials at his cell. Even if it could be said that his access to legal materials was limited, this limited access is by no means an extraordinary circumstance. *See, e.g., Owens v. Whitten*, 637 F. Supp. 3d 1245, 1254 (N.D. Okla. 2022) (explaining issues such as anxiety, fear, lack of legal knowledge, and limited access to the law library are not extraordinary circumstances for prisoners).

Finally, even if the Court were to credit Petitioner for the time during which it appears the law library was closed to everyone except those with legal deadlines, his habeas petition still is untimely. Petitioner's direct appeal was affirmed on July 9, 2020. (Dkt. 11-2). He had 150 days to seek certiorari review of this conviction. *See* Thursday, March 19, 2020 Order, 589 U.S. ___ (2020); Monday, July 19, 2021 Order, 594 U.S. ___ (2020). Thus, his limitation period did not even begin to run until December 8, 2020. *See Harris*, 642 F.3d at 907 n.6.

According to the disposition of his grievance form, the restriction of law library access to those with deadlines was imposed from March 2020 until September 2020. This time period falls within the 150 days for seeking certiorari review but does not overlap Petitioner's one-year limitation period. Even if the restriction on the law library constituted an extraordinary circumstance, the circumstance abated prior to the trigger of the limitation period for which Petitioner requests equitable tolling. Therefore, equitable tolling is not available.

*Post-Conviction Appeal*

Respondent alleges Petitioner also should not be granted equitable tolling for the time his untimely post-conviction appeal was pending, because he was aware of the jurisdictional defect in his appeal and was on notice of the proper steps he could have taken to remedy this defect. He

9

allowed the improperly filed appeal to sit with the OCCA instead of rectifying the situation.

The record shows that Petitioner's post-conviction application was denied by the McCurtain County District Court on January 26, 2022. (Dkt. 11-6). As the McCurtain County court later acknowledged in its February 27, 2023, recommendation for an appeal out of time, Petitioner did not receive notice of this denial until February 22, 2022. (Dkt. 11-14).[6] Also on February 22, 2022, Petitioner filed a notice of appeal of the order denying post-conviction relief (Dkt. 11-1 at 9), and on March 7, 2022, he filed in the OCCA a petition for a writ of mandamus, raising the McCurtain County court's late service of its order denying post-conviction relief. (Dkt. 11-7). In the mandamus petition, Petitioner cited to OCCA Rule 5.2(C) and claimed the late service of the district court's order resulted in his being unable to comply with the requirements to appeal under this rule. *Id.*

Petitioner proceeded with a post-conviction appeal on March 25, 2022, by filing a combined petition in error and brief in support, challenging the denial of his post-conviction application. (Dkt. 11-9). About four months later, on July 22, 2022, he filed a motion to amend and supplement his brief and tendered for filing a brief in support of this motion. (Dkt. 11-11 at 2). On January 4, 2023, approximately nine months after Petitioner filed his combined petition and brief, the OCCA declined jurisdiction over Petitioner's appeal, citing his failure to file his notice of appeal in the time required by Rule 5.2(C). (Dkt. 11-12 at 2). Petitioner later followed the procedures to seek an out-of-time appeal of the order denying his post-conviction application, and on March 21, 2023, he was granted an appeal out of time. (Dkt. 11-16).

It appears from the habeas petition that Petitioner believes he is entitled to statutory tolling for the nine months it took the OCCA to decline jurisdiction over his post-conviction appeal. (Dkt. 1-2 at 29). As discussed above, however, that is not the case, and the improperly filed appeal did not trigger statutory tolling. *See Gibson*, 232 F.3d at 804-05. Likewise, this improperly filed appeal does not entitle Petitioner to equitable tolling.

---

[6] Petitioner asserts the trial court judge's secretary/bailiff "became personally involved" in his case and neglected to notify him of the denial of post-conviction relief. (Dkt. 1 at 21).

As discussed above, equitable tolling requires a petitioner to affirmatively demonstrate that he was diligently pursuing his rights. *Holland*, 560 U.S. at 649. That was not the case here. Although Petitioner went ahead with his appeal and even sought to supplement his appeal in the nine months during which the case was pending, (Dkt. 11-11), this pursuit was not diligent because Petitioner was aware the appeal was improperly filed.

Petitioner's awareness of the jurisdictional defect in his appeal is evidenced by the reference to Rule 5.2(C) contained in his petition for a writ of mandamus. In the mandamus petition Petitioner states, "By the McCurtain Co. Court failure to notify petitioner of disposition/Final order petitioner was unable to give notice of appeal in accord with OCCA Rule 5.2 C(1) which requires notice be given within 10 days of final order." (Dkt. 11-7). This language indicates Petitioner was aware of the requirements of Rule 5.2(C)(1), which states, "The party desiring to appeal from the final order of the District Court under Section V of these Rules MUST file a Notice of Post- Conviction Appeal with the Clerk of the District Court within twenty (20) days from the date the order is filed in the District Court." Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022).[7] As noted above, the petition for a writ of mandamus was filed the same day Petitioner noticed his intent to appeal. (Dkt. 11-1 at 9). While "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing,'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)), Petitioner was not ignorant of the relevant law. Instead, Petitioner knew from the day he filed his notice of appeal that his appeal was improperly filed.

It also can be inferred that Petitioner could have rectified his improper filing at any point prior to the filing of this habeas petition. Both the applicable version of Rule 5.2 and the previous version of Rule 5.2 make express reference to the procedures for seeking a post-conviction appeal

---

[7] Petitioner's reference to a 10-day period to file a notice of appeal indicates that he may have been referring to a previous version of this rule which set forth a 10-day rather than 20-day period to file notice. *See* Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018).

out of time set forth in Rule 2.1(E). *See* Rule 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). Rule 2.1(E) explains that to obtain an appeal out of time, Petitioner was required first to file a post-conviction application in the district court, seeking an appeal out of time, then file a subsequent petition seeking an appeal out of time in the OCCA with the district court's ruling attached. Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022).

Subsequent to filing this habeas petition on February 14, 2023, Petitioner followed the procedures of Rule 2.1(E) and was granted a post-conviction appeal out of time on March 21, 2023, in OCCA Case No. PC-2023-180. (Dkts. 11-15, 11-16).[8] There is no reason to believe Petitioner would not have been granted an appeal out of time had he utilized these procedures in January or February 2022, after the state district court denied his post-conviction application. Instead, Petitioner chose to proceed with his improperly filed appeal and took no action prior to the filing of this petition to properly appeal the order denying his post-conviction application. It thus it cannot be said Petitioner was diligently pursuing his rights during this time. This is true even if Petitioner was only made aware of the proper procedure for seeking an appeal out of time after he filed this petition. *See Marsh*, 223 F.3d at 1220.

Even if Petitioner was diligently pursuing his rights by proceeding with what he knew was an improper appeal, it cannot be said that the OCCA's nine-month consideration of this appeal was an "extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. There is nothing in the record indicating Petitioner's hands were tied in this nine-month period. In fact, during this period, on July 22, 2022, he filed a motion regarding his appeal. (Dkt. 11-10). This motion contained the full text of Rule 5.2(C)(2). (Dkt. 11-10). Further, this motion indicates that, rather than seeking an appeal out of time, Petitioner sought sanctions against his trial judge from the

---

[8] The docket for OCCA Case No. PC-2023-180 indicates the case still is pending. The Court takes judicial notice of the public records of the Oklahoma State Courts Network at https:\\www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

judicial ethics counsel. *Id* . at 4. OCCA's ultimate decision declining jurisdiction over this appeal was a foregone conclusion.

### *Actual Innocence*

Petitioner argues in his response to Respondent's motion to dismiss that it would be a miscarriage of justice to bar his claims. (Dkt. 14 at 6). He contends he should "be allowed to provide this Court with a credible showing of actual innocence." *Id.* Habeas petitioners can overcome the AEDPA statute of limitations by raising "a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013). A petitioner must present "new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial" and demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). The Court finds Petitioner's conclusory statements do not meet this demanding standard.

As set forth above, Petitioner is not entitled to equitable tolling. Therefore, this habeas corpus petition is untimely and must be dismissed. The Court declines to address the issue of whether Petition has exhausted his state remedies.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 10) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 16th day of February 2024,

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE